# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TIKILA WILLARD,**

      **Petitioner,**

      **v.**                                                                                 **CIVIL NO. 10-63 WJ/LAM**

**ARLENE HICKSON, et al.**

      **Respondents.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the *Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 10*) (hereinafter "*PF&RD*"), filed on June 8, 2010. On June 23, 2010, Petitioner Tikila Willard filed *Objections to Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 11*) (hereinafter "*Objections*"). Respondents did not file any objections to the *PF&RD* nor did they respond to Ms. Willard's *Objections*, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Ms. Willard objects and finds that her *Objections* are without merit. Accordingly, the Court will: (1) overrule Ms. Willard's *Objections* as meritless; (2) adopt the *PF&RD*; (3) deny Ms. Willard's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* as meritless; and (4) enter a judgment dismissing this case with prejudice.

Ms. Willard states in her *Objections* to the *PF&RD* that the Court erred by: (1) failing to hold an evidentiary hearing; (2) applying an incorrect standard of review of her claims; (3) finding that Petitioner's claims are procedurally barred; and (4) failing to address "the Batson claim, subjecting it to a Brecht's harmless error analysis." *Objections (Doc. 11)* at 1-4. First, the Court

agrees with the Magistrate Judge's finding that an evidentiary hearing is unnecessary because, as explained in the **PF&RD** at 2, Ms. Willard's claims can be resolved on the record. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 859-60 (10th Cir. 2005) (explaining that the purpose of an evidentiary hearing is to resolve conflicting evidence, and that an evidentiary hearing is unnecessary when the record presents no evidence supporting the petitioner's claims).

Next, the Court rejects Ms. Willard's claims that the Magistrate Judge applied an incorrect standard of review under 28 U.S.C. § 2254(b)(2) (which provides that the Court may deny a claim on the merits, notwithstanding the failure to exhaust state remedies), instead of conducting a *de novo* review of the "last reasoned state court opinion," and that the Magistrate Judge erroneously found that Ms. Willard's claims were procedurally barred. ***Objections*** *(Doc. 11)* at 2-3. The Court agrees with the Magistrate Judge's finding that certain of Ms. Willard's claims were not properly presented to the New Mexico Supreme Court because her Petition for Writ of Certiorari was untimely and, therefore, those claims are procedurally defaulted for purposes of federal habeas review. *See* ***PF&RD*** *(Doc. 10)* at 10. In addition, the Court agrees with the Magistrate Judge's finding that, despite this procedural default, pursuant to 28 U.S.C. § 2254(b)(2) and Tenth Circuit precedent, the consideration of Ms. Willard's procedurally barred claims on the merits was proper. *Id.* Ms. Willard's reliance on *Ylst v. Nunnemaker*, 501 U.S. 797 (1991) does not change the Court's finding because *Ylst* does not direct a different procedure or standard of review regarding procedural default. Instead *Ylst* holds that where there was one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon same ground as the reasoned judgment. *Ylst*, 501 U.S. at 803-06. Ms. Willard's objection that the Magistrate Judge improperly found that her claims were procedurally defaulted is without merit because the Magistrate Judge considered Ms. Willard's claims on the merits, instead

of denying them based on procedural default.  *See **PF&RD** (Doc. 10)* at 11-12.  Moreover, the Magistrate Judge properly considered Ms. Willard's claims pursuant to the correct standard of review under 28 U.S.C. § 2254(d).  *Id.* at 12-15.

The Court also finds that Ms. Willard's objection that the Magistrate Judge did not "address the Batson claim, subjecting it to a Brecht's harmless error analysis" also fails.  Presumably, Ms. Willard is referring to *Batson v. Kentucky*, 476 U.S. 79, 96-97 (1986), in which the Supreme Court held that the Equal Protection Clause prohibits a prosecutor to use peremptory challenges to exclude jurors based solely on their race, and *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993), in which the Supreme Court held that the proper standard to determine whether habeas relief should be granted for the prosecution's improper use of the petitioner's post-*Miranda* silence is whether the error had substantial and injurious effect or influence, rather than whether the error was harmless.  Ms. Willard did not raise a claim regarding prosecutorial misconduct in her jury selection and, therefore, the Court will not address the claim here.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).  The Court agrees with the Magistrate Judge's analysis regarding Ms. Willard's claims that her counsel was ineffective for failing to object to the dismissal of African-American jurors (***PF&RD** (Doc. 10)* at 19-20) and that the trial judge was biased against her because he allowed the second prospective African-American juror to be dismissed (*id.* at 24).  In addition, the Court notes that the Magistrate Judge analyzed Ms. Willard's claims regarding the selection of her jury pursuant to the holding in *Batson* regarding what is necessary to establish a *prima facie* violation of the Sixth Amendment right to a venire representing a fair cross section of the community.  *Compare **PF&RD** (Doc. 10)* at 20 *with Batson*, 476 U.S. at 96.

Finally, the Court overrules Ms. Willard's general objection to the Magistrate Judge's "cursory review" of Ms. Willard's ineffective assistance of counsel, prosecutorial misconduct, and judicial bias claims because Ms. Willard does not provide any additional support for these claims. The Court conducted a careful review of the *PF&RD* and finds that the Magistrate Judge's findings to which Ms. Willard objects are supported by substantial evidence in the record and do not involve any errors of law. The Court, therefore, finds that Ms. Willard's remaining objections are without merit and are overruled.

### *Conclusion*

Upon careful *de novo* consideration of the record of this case, the *PF&RD* and Ms. Willard's *Objections* to the *PF&RD*, the Court finds that all of her objections are without merit. Therefore, the Court will overrule the *Objections*, adopt the *PF&RD*, deny Ms. Willard's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* as meritless, and enter a judgment dismissing this case with prejudice.

**IT IS THEREFORE ORDERED** that:

1. Petitioner Tikila Willard's *Objections to Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 11*) are **OVERRULED**;

2. The *Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 10)* are **ADOPTED** by the Court;

3. Ms. Willard's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* is **DENIED** as meritless; and

4. This case be **DISMISSED WITH PREJUDICE** in a final judgment entered concurrently with this order.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**